IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NORTHINGTON BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:22cv84 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Northington Butler, proceeding *pro se*, filed an application for the writ of habeas corpus under civil action no. 6:21cv497. This petition complained about placement in a more restrictive program which delayed his parole eligibility. On February 24, 2022, Butler filed a "motion to transfer custody" in which he complained that a TDCJ investigator named Eric Butler and several inmates assaulted him on January 31, 2022, during a bus ride. He states he had previously filed a complaint asking that Gamble be kept away from him. This claim was severed into a separate civil rights lawsuit and referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court ordered Butler to file an amended complaint setting out a short and plain statement of his claims, including identifying the persons whom he wished to sue and stating how these persons are involved in the facts forming the basis of his claim. By separate order, the Court directed Butler to pay the statutory filing fee of $402.00 or file an application for leave to proceed *in forma pauperis* accompanied by a properly certified *in forma pauperis* data sheet, as required by 28 U.S.C. §1915(b). Butler received copies of these orders on March 28, 2022, but to date has not complied, nor has he responded in any way. While he did pay the sum of $5.00 on March 15, 2022, this is not equivalent to compliance with the filing fee order.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Plaintiff's failure to prosecute his case or to obey orders of the Court is demonstrated by his failure to file an amended complaint or to pay the full filing fee or properly seek leave to proceed *in forma pauperis*.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

Plaintiff's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents in the lawsuit appear to have occurred in January of 2022, giving Plaintiff ample time in which to refile his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 12th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE